**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **FRANK DUNN** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:21-cv-00740** |
| | § | **JURY DEMANDED** |
| | § | |
| **PALOMAR SPECIALTY** | § | |
| **INSURANCE COMPANY** | § | |
| **Defendant.** | § | |

---

**DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

---

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Palomar Specialty Insurance Company ("Palomar"), in Cause No. 2021-CI-12351, pending in the 288th District Court of Bexar County, Texas, files this Notice of Removal from that court to the United States District Court for the Western District of Texas, San Antonio Division, on the basis of diversity of citizenship and respectfully shows:

## I. FACTUAL BACKGROUND

1.1 On or about June 21, 2021, Plaintiff filed his Original Petition in the matter styled *Frank Dunn v. Palomar Specialty Insurance Company*, in the 288th District Court of Bexar County, Texas, in which Plaintiff made a claim for damages to his home under a homeowner's insurance policy. *See* Pl.'s Original Pet. at Paragraph 11.

1.2 Plaintiff served Palomar with process and Plaintiff's Original Petition on July 6, 2021. *See* Serv. Cover Sheet.

1.3 Plaintiff's Original Petition states that during the terms of his insurance policy with Palomar, Plaintiff's property sustained covered losses as a result of a wind/hailstorm event. Plaintiff subsequently filed a claim on his insurance policy. *See* Pl.'s Original Pet. at Paragraphs 7-11.

1.4 Plaintiff's Original Petition states that the damages were covered under the insurance policy Plaintiff bought from Palomar and that Palomar inadequately investigated and adjusted the loss. *See* Pl.'s Original Pet. at Paragraphs 12-14.

1.5 Plaintiff's Original Petition states that Palomar wrongfully denied Plaintiff's claim, made false representations to Plaintiff, failed to meet its obligations under the Texas Insurance Code, and failed to accept or deny Plaintiff's full and entire claim. *See* Pl.'s Original Pet. at Paragraphs 15-28.

1.6 A copy of the Bexar County District Clerk's file for this case is also attached as Exhibit A and includes true and correct copies of all executed process, pleadings, and orders. The affidavit of Connor R. Adamson is attached as Exhibit B verifying the copy of the Bexar County District Clerk's file for this case. A certified copy of the Bexar County District Clerk's file for this case was requested on August 3, 2021, and Defendant will supplement the record once received.

## II. BASIS FOR REMOVAL

2.1 Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332, 1441(a) and 1446.

2.2 At the time the lawsuit was filed, Plaintiff was a resident of the State of Texas. *See* Pl.'s Original Pet. at Paragraph 2.

2.3 Defendant Palomar is incorporated as an Oregon-domiciled insurance company and has its principal place of business in California. Accordingly, Palomar is not a citizen of Texas.

**A. <u>Complete diversity exists between Plaintiff and Palomar.</u>**

2.4 The only Plaintiff in this matter is a citizen and resident of Texas. The only Defendant in this matter is Palomar, which is a foreign entity domiciled in Oregon and with its principal place of business in California. As such, complete diversity exists and removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**B. <u>The amount of damages prayed for by Plaintiff exceeds the amount in controversy required to confer diversity jurisdiction on this Court.</u>**

2.5 Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiff's complaint. *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.6 In his Petition, Plaintiff expressly states that he "is seeking monetary relief over $100,000.00, but less than $500,000.00." *See* Pl.'s Original Pet. at Paragraph 4.

2.7 Because Plaintiff has prayed for damages in excess of $75,000, this case may be properly removed to federal court.

## III. THE REMOVAL IS PROCEDURALLY CORRECT

3.1 Defendant Palomar was first served with Plaintiff's Original Petition and process on July 6, 2021. Defendant Palomar files its Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

3.2 Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3 Pursuant to 28 U.S.C. § 1446(d), promptly after Palomar files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.4 Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Bexar County District Court, promptly after Palomar files this Notice.

## IV. CONCLUSION

4.1 Based on the foregoing, the exhibits submitted in support of this Notice, and other documents filed contemporaneously with this Notice and fully incorporated herein, Defendant Palomar Specialty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

By: *__/s/ Connor R. Adamson__*
Connor R. Adamson

Attorney-in-Charge
State Bar No. 24116002
cadamson@gnqlawyers.com

**ATTORNEY FOR PALOMAR SPECIALTY INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

Catrina Guerrero
State Bar No. 24108893
cguerrero@gnqlawyers.com

**CERTIFICATE OF SERVICE**

I, Connor R. Adamson, certify that on August 4, 2021, a copy of Defendant Palomar Specialty Insurance Company's Notice of Removal was electronically filed on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff, Frank Dunn:

*Attorneys for Plaintiff*
Shaun Hodge
Hodge Law Firm
Email: shodge@hodgefirm.com

**VIA EMAIL**

By: */s/ Connor R. Adamson*
Connor R. Adamson